BWW#:VA-310680

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| IN RE: | Case No. 16-62232-RBC |
| BETTY L. MCCLANAHAN | |
|     Debtor | Chapter 13 |
| _____ | |
| SETERUS, INC. AS THE AUTHORIZED SUBSERVICER | |
| FOR FEDERAL NATIONAL MORTGAGE | |
| ASSOCIATION ("FANNIE MAE"), CREDITOR C/O | |
| SETERUS, INC. | |
|     Movant | |
| v. | |
| BETTY L. MCCLANAHAN | |
|     Debtor/Respondent | |
| and | |
| HERBERT L. BESKIN | |
|     Trustee/Respondent | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Seterus, Inc. as the authorized subservicer for Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc. ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay, with respect to certain real property of the Debtor having an address of 925 Dorchester Pl #204, Charlottesville, VA 22911 (the "Property"), for all purposes allowed by the Note (defined below), the Deed of Trust (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 & 157.

2.     A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on November 3, 2016.

_____
Kyle T. Libby, VSB# 82346
8100 Three Chopt Rd.
Suite 240
Richmond, VA 23229
(804) 282-0463(Phone)
*Attorney for the Movant*

3. The Debtor has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $230,600.00 (the "Note"). A copy of the Note is attached hereto.

4. Pursuant to that certain Deed of Trust (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the Deed of Trust are secured by the Property. The lien created by the Deed of Trust was perfected by recording of the Deed of Trust in the office of the Clerk of the Circuit Court of Albemarle County, Virginia. A copy of the recorded Deed of Trust is attached hereto.

5. The legal description of the Property is:

ALL THAT CERTAIN PARCEL OF REAL PROPERTY SITUATED IN ALBEMARLE COUNTY, VIRGINIA, AND DESIGNATED AS 925 DORCHESTER PLACE, UNIT 204, CLAREMONT AT CARRIAGE HILL, A CONDOMINIUM, AS DESCRIBED IN THE DECLARATION OF CONDOMINIUM OF CLAREMONT AT CARRIAGE HILL, AND THE PLATS AND PLANS THERETO ATTACHED, OF RECORD IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF ALBEMARLE, VIRGINIA , IN DEED BOOK 2989, PAGE 379 TOGETHER WITH ALL APPURTENANCES, RIGHTS AND PRIVILEGES THERETO BELONGING AS THE SAME ARE CONTAINED AND DEFINED IN THE DECLARATION, WHICH SHALL INCLUDE ANY FUTURE AMENDMENTS THERETO.

BEING THE SAME PROPERTY ACQUIRED BY GRANTORS IN DEED RECORDED IMMEDIATELY PRIOR HERETO.

6. As of March 31, 2017, the outstanding amount of the Obligations due to the Movant, less any partial payments or suspense balance is:

| | |
|---|---|
| Unpaid Principal Balance | $187,721.76 |
| Unpaid Accrued Interest | $10,594.02 |
| Uncollected Late Charges | $523.46 |
| Mortgage Insurance Premiums | $0.00 |
| Taxes and Insurance Payments on behalf of Debtor | $420.38 |
| Other Costs | $30.00 |
| Less: Partial Payments | $0.00 |
| Minimum Outstanding Obligations | $199,289.62 |

7. The following chart sets forth the number and amount of postpetition payments due pursuant to the terms of the Note that have been missed by the Debtor as of April 10, 2017:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 2 | 12/01/2016 | 01/01/2017 | $1,615.18 | $3,230.36 |
| 3 | 02/01/2017 | 04/01/2017 | $1,618.18 | $4,854.54 |
| | Less postpetition partial payments (suspense balance): | | | $0.00 |

**Total Postpetition Payments:**    **$8,084.90**

8.    As of April 10, 2017, the total postpetition arrearage/delinquency is $8,084.90 consisting of (i) the foregoing total of missed postpetition payments in the amount of $8,084.90 plus (ii) the following postpetition fees:[1]

| Description | Amount |
|---|---|
| N/A | $0.00 |

9.    In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $850.00 in legal fees and $181.00 in costs.

10.    The estimated value of the Property is $178,300.00. The basis for such valuation is the Debtor's Schedules.

11.    Cause exists for relief from the automatic stay for the following reasons:

a.    Movant's interest in the Property is not adequately protected. Movant's interest in the collateral is not protected by an adequate equity cushion.

b.    Post-petition payments required by the confirmed plan have not been made to Movant.

---

[1] The total of missed postpetition payments for this impounded loan includes any missed escrow payments. Such missed escrow payments include amounts assessed for taxes and insurance and any previously assessed escrow shortage amount (if applicable). To avoid duplication, postpetition advances (if any) made for insurance, real estate taxes, or similar charges are not listed separately to the extent such advances would have been paid from the missed escrow payments. As part of the next annual RESPA analysis, the Bank will determine whether the escrow payments assessed to the debtor (including the missed escrow payments) result in a projected escrow shortage or overage. All rights are hereby reserved to assert or request any escrow amounts in accordance with RESPA and the total postpetition arrearage/delinquency is qualified accordingly.

    c. Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

  WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

  1. Relief from the stay for all purposes allowed by the Note, the Deed of Trust, and applicable law, including but not limited to allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

  2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

  3. For such other relief as the Court deems proper.

Dated: April 17, 2017      Respectfully Submitted,
             BWW Law Group, LLC

             */s/ Kyle T. Libby*_____
             Kyle T. Libby VSB# 82346
             BWW Law Group, LLC
             8100 Three Chopt Rd., Suite 240
             Richmond, VA 23229
             (804) 282-0463 (phone)
             (804) 282-0541 (facsimile)
             bankruptcy@bww-law.com
             *Attorney for the Movant*

# **CERTIFICATE OF SERVICE**

I certify that on this 17th day of April, 2017, the following person(s) were or will be served with a copy of the foregoing Motion for Relief from Automatic Stay electronically via the CM/ECF system or by first class mail, postage prepaid:

Herbert L. Beskin, Trustee
PO Box 2103
Charlottesville, VA 22902

Douglas E. Little, Esq.
P.O. Box 254
Charlottesville, VA 22902

Betty L. McClanahan
P.O. Box 230
Keswick, VA 22947

Betty L. McClanahan
925 Dorchester Pl, #204
Charlottesville, VA 22911

                                                                                                    */s/ Kyle T. Libby*
                                                                                                    Kyle T. Libby